UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARON L. BROWN, | Case No. 2:15-cv-01670-APG-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| CLARK COUNTY DETENTION CENTER, et al., | (Docket Nos. 30, 31) |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion to compel. Docket No. 31. Defendant Mecham filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 40, 42. Also pending before the Court is Plaintiff's motion to extend discovery. Docket No. 30. Defendants filed a response in opposition, Docket No. 39, and no reply has been filed. The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-1. For all briefing submitted by Plaintiff, the Court notes that he is a *pro se* prisoner and, therefore, the Court construes his papers liberally. *See, e.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of *pro se* litigants, especially when they are civil rights claims by inmates").

The motion to compel (Docket No. 31) is **DENIED** without prejudice and the parties are **ORDERED** to further meet-and-confer in accordance with the below instructions. The motion to extend (Docket No. 30) is hereby **GRANTED**. The discovery cutoff is extended to November 1, 2016. The deadline to file discovery motions is extended to November 15, 2016. The deadline to file dispositive motions is extended to December 1, 2016.

## I. MOTION TO COMPEL

Motions to compel are generally not considered on their merits unless the movant certifies that he attempted to resolve the dispute in good faith but was unable to do so. *See, e.g.*, Fed. R. Civ. P. 37(a)(1); *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). While the procedures for this pre-filing conference are relaxed in some ways for inmates, *see, e.g.*, *Jones v. Zimmer*, 2014 WL 6772916, *3 n.6 (D. Nev. Dec. 2, 2014); Local Rule IA 1-3(f)(1), the overarching requirement remains, *see, e.g.*, Docket No. 16 at 3; Local Rule IA 1-3(f)(1). In this case, Plaintiff's motion did not include such a certification. While Plaintiff argues in reply that a prefiling conference did occur, Docket No. 42 at 1-2, Defendant was left without the opportunity to address that representation because it was made for the first time in reply, *cf. Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (courts generally do not address issues raised for the first time in reply). Accordingly, the motion to compel will be denied without prejudice. The parties are directed to meet-and-confer on their disputes, and Plaintiff may renew the motion to compel if resolution cannot be reached without further court intervention.

As a means to facilitate the meet-and-confer process, the Court notes as follows. First, Defendant's objections were timely because an extra three days is afforded when discovery is served by mail. *See, e.g., Aevoe Corp. AE Tech. Co.*, 2013 WL 4701192, *1 (D. Nev. Aug. 30, 2013); Fed. R. Civ. P. 6(d). Second, the Court has some concerns with Defendant's responses to date. For example,[1] the response to RFP 1 includes boilerplate objections of "assumes facts not in evidence" and "lacks foundation," Docket No. 40 at 3, but those are not proper objections, *see, e.g., A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (boilerplate objections not proper); *Woodall v. Cal.*, 2010 WL 4316953, *2 (E.D. Cal. Oct. 21, 2010) ("Foundation goes towards the admissibility of evidence, which is not a limitation in discovery"); *Marti v. Baires*, 2012 WL 2029720, *5 (E.D. Cal. June 12, 2012) ("lack of foundation is not a proper objection to a discovery request"). Defendant also quibbles with certain wording in the request, *see* Docket No. 40 at 3, but the Court expects counsel to reasonably construe the discovery requests of *pro se* prisoners and provide a response, *see, e.g., Jones*, 2014 WL 6772916, at *6-7. Moreover, Defendant objected that the video was in the possession of third-party CCDC and not in his possession, custody or

---

[1] The Court will not expend judicial resources analyzing herein all of the responses at issue, which should not be construed in any way as tacit approval of the other responses.

control as a CCDC employee, *see* Docket No. 40 at 3, but Defendant's subsequent action appears to show that he may have had constructive control over the video, *see id.* at 3-4 (supplemental response); *see also Branch v. Umphenour*, 2014 WL 3891813, *8 (E.D. Cal. Aug. 7, 2014) (finding prison employee had constructive control over requested prison document).[2]  Lastly, while Defendant served a supplement indicating that he undertook a diligent search for the video and that it no longer exists, Docket No. 40-1 at 5-6, he failed to describe the efforts undertaken and state under oath that no such video exists, *see, e.g.*, *Bryant v. Armstrong*, 285 F.R.D. 596, 603 (S.D. Cal. 2012). Prior to any meet-and-confer on the underlying disputes, the Court expects Defendant's counsel to carefully review the discovery responses to date and ensure that they are proper.

In short, the parties should keep in mind during their meet-and-confer that discovery is subject to an overriding requirement of good faith, *see, e.g.*, *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981), as well as the specific good faith requirement that attaches to prefiling conferences, *see, e.g.*, Fed. R. Civ. P. 37(a)(1). The Court expects parties, including *pro se* civil rights prisoners, to comply with the rules. The Court also expects counsel opposing *pro se* civil rights prisoners to ensure that they are taking discovery positions that have a proper factual and legal basis.

//
//
//
//
//
//
//
//

---

[2] Defendant now contends that the video was purged pursuant to CCDC's retention policies. *See* Docket No. 40 at 4. The date of that purging is not clear. It appears that video may have remained in existence as of the date of the initial responses, however. *See* Docket No. 42 at 1 (Plaintiff's recounting of conversation with Defendants' counsel on July 18, 2016, including that counsel would produce the video in exchange for partial dismissal).

## II.  MOTION TO EXTEND

As discussed in the forgoing section, there remain discovery issues to be worked out by the parties. The Court finds sufficient cause to grant the motion to extend the discovery cutoff, and it is extended to November 1, 2016.  The deadline to file discovery motions is extended to November 15, 2016.  The deadline to file dispositive motions is extended to December 1, 2016.

IT IS SO ORDERED.

DATED: September 1, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge