UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARON L. BROWN,            )<br>                                                     )<br>                          Plaintiff(s),    )<br>                                                     )<br>vs.                                                )<br>                                                     )<br>CLARK COUNTY DETENTION CENTER, et al.,   )<br>                                                     )<br>                          Defendant(s).   )<br>_____)  | Case No. 2:15-cv-01670-APG-NJK<br><br>ORDER<br><br>(Docket Nos. 62, 78) |

Plaintiff has previously requested appointment of counsel in this case. *See, e.g.*, Docket No. 29. Although a close question, the Court ultimately denied that request based largely on the appearance that Plaintiff was sufficiently able to articulate his claims and arguments in this case, in particular with respect to discovery disputes between the parties. Docket No. 62 at 2.[1] In light of more recent filings, the Court has decided to reconsider that decision *sua sponte*. *See, e.g., United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000) (courts have authority to reconsider non-final orders *sua sponte*).

Plaintiff filed a motion to compel discovery that includes some pertinent arguments but omits discussion of other areas that plainly warrant further exploration. Docket No. 78.[2] For example, Defendant acknowledges that his contact reports cannot be produced because they were destroyed in or after May 2016, *see* Docket No. 81 at 12; Docket No. 81-9 at ¶ 7, after he appeared in this case and after discovery

---

[1] The Court further noted that Plaintiff has a fair likelihood of success in this case. *Id.*

[2] Plaintiff failed to file a reply.

was commenced, *see* Docket Nos. 8, 16. Plaintiff objects to the destruction of these documents after the commencement of discovery, Docket No. 78 at 8, which the Court liberally construes as a contention that Defendant engaged in spoliation of evidence, *see, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012) (the destruction or failure to preserve evidence for another's use in pending or reasonably foreseeable litigation may constitute spoliation). Nonetheless, Plaintiff has not addressed the pertinent standards or developed that argument more generally. Similarly, Defendant resists production of his personnel file on the grounds that, *inter alia*, it is protected under the "official information privilege." Docket No. 81 at 9. This objection was not raised in Defendant's initial discovery response, *see* Docket No. 31 at 14, leading to the potential that this objection was waived, *see, e.g.*, *Jones v. Zimmer*, 2014 WL 6772916, at *10 (D. Nev. Dec. 2, 2014) (collecting cases explaining that such an objection must be specifically invoked by name with the initial discovery response). Plaintiff does not address this waiver issue or the applicability of this privilege generally.

The Court does not outline the above issues to express an opinion on them or to forecast how it will rule on the discovery dispute before it.[3] Instead, it does so to highlight that Plaintiff has not addressed significant issues that may be readily apparent to an attorney. As a result, the Court finds that Plaintiff has not shown himself to be sufficiently able to proceed *pro se* and, further, that this case should be referred to the Court's *pro bono* pilot program in light of the pertinent considerations. *See* Gen. Order 2014-01. Accordingly, the Court **RECONSIDERS** its order at Docket No. 62 to the extent it is inconsistent with this order, and further **REFERS** this case to the *pro bono* pilot program for the potential representation of Plaintiff by an attorney.

The Court **DENIES** without prejudice the motion to compel discovery at Docket No. 78. If counsel is obtained for Plaintiff through the *pro bono* pilot program, the motion to compel can be refiled after new counsel conducts a pre-filing conference with Defendant's counsel. If counsel is not obtained for Plaintiff, Plaintiff may renew the motion through the filing of a "Motion Seeking a Ruling on Docket No. 78," which must be filed on or before April 26, 2017.

---

[3] The Court has also not sought to compile an exhaustive list of the issues that merit further attention from Plaintiff.

In addition, in light of the above, the Court **EXTENDS** the below deadlines as follows:

- Discovery cutoff: April 12, 2017
- Discovery motions: April 26, 2017
- Dispositive motions: May 17, 2017

IT IS SO ORDERED.

DATED: January 5, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge