UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARON L. BROWN,<br><br>  Plaintiff,<br><br>v.<br><br>CLARK COUNTY DETENTION CENTER, *et al.*,<br><br>  Defendants. | Case No. 2:15-cv-01670-APG-NJK<br><br>**ORDER DENYING WITHOUT PREJUDICE THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 45) |

Plaintiff Charon Brown, a detainee at Clark County Detention Center, filed suit alleging defendant Darren Mecham used excessive force and defendants Kevin Kegley and Michael Sands violated his due process rights in relation to a disciplinary hearing. Defendants Mecham, Kegley, and Sands move for summary judgment. Brown responds by requesting I deny or defer ruling on the motion under Federal Rule of Civil Procedure 56(d) because he does not have evidence necessary to refute the motion for summary judgment.

Federal Rule of Civil Procedure 56(d) states that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

"[T]he party seeking the continuance must show that it lacks the 'facts essential' to resist the summary judgment motion." *McCormick v. Fund Am. Companies, Inc.*, 26 F.3d 869, 885 (9th Cir. 1994).

Brown, who currently is pro se, argues that he has been unable to obtain necessary discovery to oppose the summary judgment motion, including the minutes and transcripts from his hearing before the Conduct Adjustment Board, the transcript of his deposition, Mecham's

disciplinary record, video surveillance of the incident, and pictures of Brown's injuries following the incident. ECF No. 49.  The importance of some of these items (particularly video of the incident) to Brown's opposition to the summary judgment motion is obvious.  Brown asserts the video and the pictures of his injuries will support his claim that Mecham used excessive force.

Following the defendants' summary judgment motion and Brown's response, the Magistrate Judge extended discovery. ECF No. 74.  She also reconsidered her prior orders denying Brown counsel and referred him to the pro bono pilot program. ECF No. 83.  In doing so, the Magistrate Judge discussed Brown's latest motion to compel, which raises potential spoliation issues. *Id.*  Brown then filed a motion for sanctions due to spoliation, which the Magistrate Judge has held in abeyance pending referral to the pro bono program. ECF Nos. 87, 88.

In light of Brown's identification of evidence that may assist in resisting the defendants' summary judgment motion, the subsequent reopening of discovery and related issues regarding possible spoliation of evidence, and the new appointment of pro bono counsel, I deny the defendants' motion for summary judgment without prejudice under Rule 56(d).

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment **(ECF No. 45) is DENIED without prejudice**.

DATED this 30th day of March, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE