ALVERSON, TAYLOR, MORTENSEN & SANDERS
SHIRLEY BLAZICH, ESQ.
Nevada Bar No. 008378
MICHAEL T. McLOUGHLIN, ESQ.
Nevada Bar No. 012820
7401 W. Charleston Boulevard
Las Vegas, Nevada 89117
(702) 384-7000 / (702) 385-7000 Facsimile
efile@alversontaylor.com
*Attorneys for Defendant*
*NaphCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARON L. BROWN | Case No. 2:15-cv-01670-APG-NJK |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY FOR DOCUMENTS PRODUCED** |
| vs. | |
| CLARK COUNTY, NEVADA; CLARK COUNTY DETENTION CENTER; LAS VEGAS METROPOLITAN POLICE DEPT., a legal entity pursuant to (N.R.S. 280.280) and SHERIFF JOSEPH LOMBARDO et, al. LVMPD John Doe's and Jane Doe's who are Las Vegas Metropolitan Police Officers; John Doe's and Jane Doe's who are classification Officers at Clark County Detention Center et, al, and all Clark County Detention Center records officers under title of Las Vegas Metropolitan Police Officers employed at Clark County Detention Center et, al, John Doe's and Jane Does (#1-10) Records Officers et, al, and John Does and Janes Does (#6-10) Classification Officers et, al, along with Clark County Detention Centers private in house medical company (NaphCare) Drs and staff et, al, Health Service, Administrative assistant/risk management, HR Physicians, Director of nursing, medical records manager, head of sick call, clinical nursing supervisor, administrative appointment scheduler, another legal entity pursuant to (N.R.S. 280.280) within Clark County Detention Center Under (S.O.P. 13.00.00) along with John Doe (#11-20) and Jane Doe (#1-10) inclusive, | |
| Defendants. | |

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

23660-SB

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

1   It is anticipated that discovery in this action may require certain parties and non-parties to

2   disclose information and documents that may be confidential, proprietary and sensitive. The Las

3   Vegas Metropolitan Police Department ("LVMPD"), NaphCare, Inc. ("NaphCare"), and Plaintiff

4   Charon L. Brown agree as follows.

5   1.   Any Party (defined as a party to this stipulation, whether or not a party to the

6   litigation) may designate all or any portion of a document, object, file, photograph, video,

7   tangible thing, interrogatory answers, answers to requests for admissions, deposition testimony,

8   or other material (the "**Discovery Material**") as "**Confidential Information**" following a good

9   faith determination that the information so designated is or may reveal trade secrets or matters

10   which are confidential or proprietary under applicable law. A Party shall designate Confidential

11   Information by placing the legend "Confidential" on each page designated as Confidential

12   Information, or securely affix the legend to the object or tangible thing. If any Discovery

13   Material is disclosed in a form not appropriate for such placing or affixing a legend, it shall be

14   designated in writing by the producing Party as Confidential Information at the time it is

15   delivered to the receiving Party. The receiving Party shall treat copies, print-outs, derivative data

16   or manipulations of such material in accordance with any designations of Confidential

17   Information as provided for herein.

18   Nothing herein shall be construed to restrict any Party's use of information that is

19   possessed or known prior to disclosure by another Party, or is public knowledge, or is

20   independently developed or acquired outside of the production and exchange covered by this

21   Stipulated Confidentiality and Protective Order.

22   2.   The term "disclosure" shall include the dissemination, communication,

23   publication or reproduction of any confidential material or the specific contents of the

24   information contained therein, or the communication of any estimate or other information which

-2-                                                                 23660-SB

3. As used in this Protective Order, the term "qualified persons" means (i) counsel of record for the parties to the litigation, including office associates, paralegals, and stenographic and clerical employees to whom disclosure is reasonably necessary; (ii) experts retained for the purpose of this litigation to whom disclosure is reasonably necessary and who reviewed and signed a copy of this Stipulation; (iii) parties to this action; and (iv) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation.

4. Confidential information shall be and remain confidential, and, except as allowed by this Protective Order, may not be disclosed or communicated, nor used for any purpose other than this litigation and any subsequent appeals.

5. Any and all documents containing confidential information must be retained by counsel, and not be disclosed or made available to any person other than a qualified person who has read and acknowledged the terms of this Protective Order. Similarly, the confidential information contained within those documents may not be disclosed to any person other than a qualified person. To the extent reasonably necessary, copies of confidential documents may be provided to experts retained for the purpose of this litigation to whom disclosure is reasonably necessary and who have signed this Stipulation and Protective Order. Nothing in this Protective Order shall in any way affect the admissibility or use at trial of any of the documents produced under this Protective Order.

6. Any person who is in possession of confidential information, or to whom confidential information is disclosed, is responsible for ensuring that such confidential information is not inadvertently disclosed by him or her. Failure to take all reasonable precautions to ensure against such inadvertent disclosure will be a breach of this Stipulation and Order.

-3-

23660-SB

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

7.      Counsel or parties receiving confidential information may not disclose that confidential information to any expert without first furnishing to that expert a copy of this Stipulation and Protective Order and obtaining a signed copy of this Stipulation and Protective Order from that expert.

8.      Any person who executes a copy of this Stipulation and Protective Order submits to the jurisdiction of this Court for purposes of enforcement of this Protective Order, either prior to or following trial of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Protective Order to apply to the Court for such direction or further decree as may be appropriate for the construction or enforcement of this Protective Order, or for such additional relief as may become appropriate.

9.      If any Party affected by this Protective Order objects to the designation by the disclosing Party of a document or item, pleading, or transcript of testimony as "CONFIDENTIAL," the objecting Party shall give written notice of its objection to the disclosing Party and shall identify the document, pleading, and/or testimony at issue and the reason for the objection. The disclosing Party shall thereafter have twenty (20) business days within which to apply to the Court for appropriate protection of the document, pleading, and/or testimony pursuant to the Federal Rules of Civil Procedure. If the disclosing Party does not make application within twenty (20) business days after receipt of the written objection (or within the stipulated time period if stipulated to be longer or shorter than twenty (20) days), then the documents, pleadings, and/or testimony at issue shall no longer be deemed "CONFIDENTIAL." However, until expiration of the twenty (20) day time period (longer or shorter if stipulated) or until the Court enters an order changing the designation, whichever is later, the information shall continue to be given the "CONFIDENTIAL" treatment initially

23660-SB

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

1     assigned to it and provided for in this Order.

2         10.     If any individual is making copies of any confidential information allowed by this

3     agreement, said individual must ensure that the copies are also marked "Confidential."

4         11.     Any person who wishes to file with this Court any document, paper, or other

5     tangible item disclosing confidential material may disclose only those confidential materials that

6     are necessary to support the pleading, motion or other paper to which the confidential document,

7     paper, or other tangible item is attached, and must first attempt to contact the disclosing Party in

**See order issued concurrently herewith**

n agreement/Stipulation regarding whether the document should be filed

contact is not possible, the filing Party must provide counsel of the

10     designating Party with a description of the contacts attempted and/or the basis for not contacting

11     the undersigned. The parties to this agreement understand that there is a "strong presumption in

12     favor of access." A party seeking to seal a judicial record at trial and/or the dispositive motions

13     stage bears the burden of "articulating compelling reasons supported by specific factual findings"

14     that outweigh the public policies favoring disclosure. <u>Kamakana v. City and County of</u>

15     <u>Honolulu</u>, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

16         12.     Nothing in this Protective Order precludes the deposition examination of any

17     person regarding confidential information of which they have knowledge. In any such

18     deposition, the disclosing Party may designate specific testimony deemed to be

19     "CONFIDENTIAL" by advising the court reporter of such fact prior to the conclusion of the

20     deposition. The reporter shall mark the face of the transcript "CONTAINS CONFIDENTIAL

21     INFORMATION." All transcripts of said deposition containing confidential information will be

22     treated in accordance with this Protective Order, wherein if any portions of the deposition

23     transcript containing confidential material is to be filed with the Court, ~~Paragraph 11 should be~~

24     ~~observed.~~ **See order issued concurrently herewith**

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

13. Only qualified persons as defined in Paragraph 3 above may attend deposition examinations in this case, unless all Parties or their counsel agree otherwise.

14. The Parties taking any deposition shall retain a court reporter who agrees that before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this Protective Order and that copies of any transcript, reporter's notes, or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record.

15. If, during trial, any Party intends to introduce into evidence any information designated as "CONFIDENTIAL," he/she shall give timely notice of that intention to the Court, all counsel, and any disclosing Party, and the Court may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information, without violating any statute or other rule of the Court.

16. Nothing in this Protective Order requires a party to disclose confidential information that the party also contends is protected from disclosure based upon a privilege (including but not limited to HIPAA rights of others) or for some reason other than the mere confidential or proprietary nature of the document or information (including but not limited to non-discoverable trade secrets).

17. Upon the final determination of this action, including any appeals, counsel and all qualified persons shall return any confidential information (or copies thereof) to the disclosing Party upon request of the disclosing Party. Transcripts containing confidential information also must be returned to the disclosing Party upon the disclosing Party's request.

///

23660-SB

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

18. Anyone found to be in violation of this Protective Order may have sanctions imposed against him or her as the Court determines is appropriate.

IT IS SO STIPULATED this 18th day of May, 2017

ALVERSON, TAYLOR, MORTENSEN & SANDERS

By _____
SHIRLEY BLAZICH, ESQ.
Nevada Bar No. 008378
MICHAEL T. McLOUGHLIN, ESQ.
Nevada Bar No. 012820
7401 W. Charleston Boulevard
Las Vegas, Nevada 89117
*Attorneys for Defendants*
*NaphCare, Inc.*

KAEMPFER CROWELL

✳ */s/ Lyssa s. Anderson, Esq.*
By_____
LYSSA S. ANDERSON, ESQ.
Nevada Bar No. 5781
1980 Festival Plaza Drive, Suite 650
Las Vegas, NV 89135
*Attorneys for Officer Defendants*

LEWIS ROCA ROTHGERBER CHRISTIE, LLP

✳ */s/ Malani Dale Kotchka-Alanes, Esq.*
By_____
MALANI DALE KOTCHKA-ALANES, ESQ.
Nevada Bar No. 013168
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
*Attorneys for Plaintiff CHARON L. BROWN*

*electronic signatures used with permission*

**IT IS SO ORDERED.**

Dated May 23 _____, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

-7-

23660-SB